**P. D. THACKER, Executor of the Will of Nora Thacker, Deceased, et al., Appellants,**

**v.**

**Lou Ella GOODRICH et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 23, 1970.

**428**

Reginald L. Ayers, Bell, Orr & Reynolds, Bowling Green, for appellants.

G. D. Milliken, Jr., Milliken & Milliken, Marshal Funk, Bowling Green, for appellees.

DAVIS, Commissioner.

Maggie Owens died testate on October 28, 1966, while a resident of Warren County. After providing special bequests aggregating $1,000, Mrs. Owens devised one-half of her estate to her sister, Nora Thacker, and the other half to her sister-in-law, Lou Ella Goodrich, an appellee. The will specifically directed that if either of the named beneficiaries predeceased the testatrix, the children of such deceased beneficiary should take in her stead. Each of the named beneficiaries was living at the time of Mrs. Thacker's death.

Mrs. Owens had deposits in three financial institutions in Bowling Green aggregating about $15,000. On January 7, 1966, she executed three separate documents divesting herself of her individual ownership of those accounts and providing that the accounts be jointly owned by her and her sister, Nora Thacker, or her niece, Evelyn Lightfoot, or the survivor of them. The three deposits constituted the substantial bulk of Mrs. Owens' modest estate.

Shortly after Mrs. Owens' death, Lou Ella Goodrich instituted this action against Nora Thacker and Evelyn Lightfoot seeking to have the transfers of the deposits set aside, asserting that Mrs. Owens lacked sufficient mental capacity to make the transfers and that they were obtained as the result of undue influence exerted upon Mrs. Owens by Mrs. Thacker and Mrs. Lightfoot. A jury decided in favor of Mrs. Goodrich, and a judgment was entered setting aside the transfers. This appeal challenges that judgment. Nora Thacker died before the appeal was perfected, and the action as to her has been properly revived. The appellants assert that: (1) The trial court should have directed a verdict for them; (2) the court erred in submitting the question of undue influence because there was no evidence warranting such an instruction; and (3) the court erred in permitting the jury to hear read into evidence the will of Mrs. Owens.

In treating the claim of appellants that a directed verdict in their behalf should have been given, we will first examine the record pertaining to the mental capacity of Mrs. Owens as of January 7, 1966, when the transfers were made. In December 1964, Mrs. Owens suffered a severe stroke of apoplexy resulting in paralysis of her left side and impairment of her mental processes. From that time until her death she was confined in the Crestview Nursing Home in Bowling Green, except for a brief period when she was admitted to the Bowling Green-Warren County Hospital for treatment. Evidence was heard from Dr. Carroll Brooks reflecting that he first saw Mrs. Owens as a patient on September 7, 1965, and that he continued to see and treat her as a patient intermittently from that time until her death. The doctor related in some detail his observations concerning Mrs. Owens' physical and mental condition and expressed the opinion that Mrs. Owens did not possess sufficient mental capacity to understand and transact business matters. Without further detailing the testimony of Dr. Brooks, it is appropriate to note that he described Mrs. Owens as an extremely infirm lady of nearly 72 years of age whose mental faculties had so far deteriorated as to render her mentally incompetent for legal purposes.

There was other testimony of like import from lay witnesses including a prac-

tical nurse who served at the nursing home where Mrs. Owens was confined. The appellants did not present any medical testimony to the contrary, although they did adduce lay evidence to the effect that Mrs. Owens had sufficient mental capacity to make the transfer of the deposits. It is apparent that a jury issue was created on the question of mental capacity, and it follows that the court correctly declined to grant a directed verdict in behalf of the appellants.

■ Appellants argue that prejudicial error was committed by the court's submission of undue influence as a basis for setting aside the transfers, contending that there was no evidence of undue influence. As recently as Sutton v. Combs, Ky., 419 S.W.2d 775 (1967), this court was confronted with the oft-recurring contention that the proof failed to support the giving of an instruction on undue influence. Sutton v. Combs and most of the decisions which have dealt with the question arose in will contests, but the general reasoning of the decisions is as apposite in the present case. See Gay v. Gay, 308 Ky. 545, 215 S.W.2d 96. Direct proof of undue influence rarely may be available. That undue influence may be proved by circumstantial evidence is well accepted. There are well-recognized "badges" of undue influence. See Sutton v. Combs, Ky., 419 S.W. 2d at page 777, and Belcher v. Somerville, Ky., 413 S.W.2d 620 at page 622.

■ It has been written often that less evidence is required to warrant an instruction submitting undue influence when there is a showing of impairment of mental capacity than is true in cases of unquestioned mental capacity. Gay v. Gay, 308 Ky. 545, 215 S.W.2d 96; Roland v. Eibeck, Ky., 385 S.W.2d 37, 7 A.L.R.3d 992; Gibson v. Gipson, Ky., 426 S.W.2d 927.

■ Another circumstance which is regarded as significant in cases of this type relates to what is deemed an unnatural or unusual disposition of property, as will be noted in the cases just cited. Mere opportunity for the exercise of undue influence, standing alone, is not enough to warrant submission of the issue, but when coupled with other "badges" opportunity for the exercise of undue influence has some significance. Another "badge" is the extent of the beneficiary's participation in the formalities of effecting the execution of a deed, will, or other transfer. Zeiss v. Evans, Ky., 436 S.W.2d 525; Belcher v. Somerville, Ky., 413 S.W.2d 620; Hines v. Price, 310 Ky. 758, 221 S.W.2d 673.

■ The record reflects that Evelyn Lightfoot, a niece of Mrs. Owens and the daughter of Nora Thacker, frequently attended Mrs. Owens at the nursing home. Mrs. Lightfoot procured the form documents from the financial institutions which were used to effect the transfers, and she supervised the execution of the transfers including obtaining witnesses to subscribe the documents. The matter of injecting survivorship as a condition precedent of ultimate sole ownership of the deposits acquires significance when it is recalled that both Mrs. Owens and Mrs. Thacker were in obviously failing and declining health, whereas Mrs. Lightfoot was much their junior in years and enjoyed robust health. The disposition of the deposits would not have appeared "unnatural" but for the will of Mrs. Owens which had been executed by her when no impairment of her mental or physical processes was apparent. The existence of the will in which she had treated appellee, her sister-in-law, as an object of her bounty equal in standing to her own sister, Mrs. Thacker, tends to render "unnatural" the transfers of the deposits, so as to virtually negate the effect of the bequest to the sister-in-law. In summary, it is our view that when all of the evidence is considered cumulatively the trial court properly submitted to the jury the issue of undue influence.

■ Appellants contend that prejudicial error was committed by the trial court's permitting the will of Maggie Owens to be

read before the jury. We find no merit in this contention. When appellants objected to the reading of the will, the trial court admonished the jury substantially that the only purpose of the will's being read was to show the background of the controversy and the legal basis for any claim at all in behalf of Mrs. Goodrich. It seems plain that it was incumbent upon Mrs. Goodrich to prove her legal entitlement to maintain the suit by demonstrating that she was a beneficiary under the will, since she was a stranger by blood and would not inherit from Mrs. Owens by descent and distribution. More significantly, the will was admissible in evidence since it showed the testamentary intention of Mrs. Owens as respects the appellee, thus supporting an inference that undue influence may have been exercised to bring about a change in Mrs. Owens' esteem for Mrs. Goodrich. Barlow v. Waters, 16 Ky.Law Rep. 426, 28 S.W. 785; Major v. Garrott, 157 Ky. 468, 163 S.W. 463. The will of Maggie Owens was properly admitted in evidence.

The judgment is affirmed.

All concur.